**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN J. FARMER, : | |
| Plaintiff, : | |
| v. : | Civ. No. 22-957 (GC)(TJB) |
| : | **MEMORANDUM & ORDER** |
| SAMUEL PLUMERI, et al., : | |
| Defendants. : | |

**CASTNER, District Judge**

This matter comes before the Court by way of Allen J. Farmer's letter request for an extension of time to file a second amended complaint. (ECF No. 8.) For the reasons explained below, the Court denies Farmer's extension request because he seeks to add unrelated claims, which are not properly joined in this action.

Plaintiff's complaint and amended complaint in this action allege several distinct claims, including 1) improper GPS monitoring, 2) unlawful strip searches at Delany Hall, inadequate medical care after a fall at Central Reception and Assignment Facility ("CRAF"),[1] and 4) alleged warrantless searches of his home. (*See* ECF No. 4, Amended Complaint at 3-4.)

On January 4, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed Plaintiff's original complaint pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B), and provided leave to submit an amended complaint. (ECF Nos. 1, 3.)

Plaintiff submitted an amended complaint on February 2, 2023. (ECF No. 4.) On October 31, 2023, the Court again dismissed Plaintiff's amended complaint pursuant to its

---

[1] Delany Hall and CRAF are New Jersey Department of Corrections ("NJDOC") facilities.

screening authority under 28 U.S.C. § 1915(e)(2)(B). The Court dismissed the New Jersey Parole Board with prejudice and dismissed the remaining defendants without prejudice. The Court also provided Plaintiff with 30 days to submit a second amended complaint. (ECF Nos. 6-7.)

Plaintiff did not submit a second amended complaint, but, on December 4, 2023, the Court received an unsigned letter request for an extension of time to submit a second amended complaint. (*See* ECF No. 8.) The letter was prepared by Mary J. Baxter, PCA, and states the following:

> The plaintiff in this matter suffered a severe head injury at the warren county jail where he was slammed on his head, and kicked in the face. The plaintiff was denied medical care for 3 weeks and was advised by dr at hackettstown emergency room that he should have come in sooner. And the plaintiff has been experiencing regular black outs and memory loss as well as debilitating migraines as a result and is under the care of a neurologist due to increased frequency in seizures and severity.

(ECF No. 8 at 1.) The letter also mentions that Plaintiff is attempting to obtain counsel to pursue claims related to these incidents. (*Id.*) The letter does not identify the individuals who allegedly caused Plaintiff's injuries.

The Federal Rules limit the joinder of claims and defendants in a civil action. Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions. Under Fed. R. Civ. P. 20(a)(2), Defendants may be joined in one action if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Here, Plaintiff's original and amended complaints do not allege any claims arising from excessive force or inadequate medical care at Warren County Jail. These new claims do not arise out of the "same transaction or occurrence," as the claims in Plaintiff's prior complaints; nor is there any "question of law or fact common to all defendants", as required by the joinder rules. The Court denies leave to amend to add these unrelated claims and defendants in this action.

In light of Plaintiff's pro se status, the Court notes, however, that Plaintiff filed another action in this District that appears to allege excessive force and inadequate medical care by individuals at Warren County Jail. (*See* Civ. No. 23-2845 (ZNQ). On May 31, 2023, the District Court administratively terminated that matter because Plaintiff had not submitted the filing fee or an application to proceed *in forma pauperis*. (*See id.* at ECF No. 4.) If Plaintiff wishes to reopen Civil Action No. 23-2845, he must submit a signed request in that action directed to the District Court.

**IT IS**, on this 20TH day of December 2023,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN to consider Plaintiff's extension request (ECF No. 8); and it is further

**ORDERED** that the Plaintiff's request for an extension to submit a second amended complaint in this action is DENIED for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that if Plaintiff wishes to reopen Civil Action No. 23-2845, he must submit a signed request in that action directed to the District Court; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and CLOSE this case.

_____
GEORGETTE CASTNER
United States District Judge